UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL ALLEN HAYES,<br><br>                Plaintiff,<br><br>    v.<br><br>DETECTIVE BLAKEMAN, *et al*.,<br><br>                Defendants. | Case No. C20-1612-JCC-MLP<br><br>ORDER RE: PLAINTIFF'S PENDING MOTIONS |

### I.    INTRODUCTION

This is a prisoner civil rights action brought under 42 U.S.C. § 1983. This action is proceeding against King County Sheriff's Detective Benjamin Blakeman, City of Marysville Police Officer Brandon Blake, and King County. Plaintiff's claims include allegations of excessive force, denial of adequate medical care, and destruction of property. (*See* dkt. # 12.) Currently pending before the Court are: (1) Plaintiff's motion for an order directing issuance of subpoenas (dkt. # 24); (2) Plaintiff's motions to appoint counsel and extend deadlines (dkt. ## 25, 30); (3) Plaintiff's motion to be present at all hearings (dkt. # 31); and (4) King County Defendants' motion for summary judgment (dkt. # 27). The Court addresses each of Plaintiff's

ORDER RE: PLAINTIFF'S PENDING
MOTIONS - 1

pending motions below. The Court will address Defendants' motion for summary judgment by separate order.

## II.     DISCUSSION

### A.     Motion for Order Directing Issuance of Subpoenas

Plaintiff seeks an Order from this Court directing the Clerk to issue subpoenas in this case so that he may obtain documents and other evidence relating to his claims from Defendants and from unnamed witnesses. (Dkt. # 24.) However, leave of Court is not required before subpoenas may be issued, and, thus, there is no issue for the Court to rule on. The Clerk shall treat Plaintiff's motion as a request for issuance of subpoenas and shall issue two subpoenas, in blank, and return them to Plaintiff. Plaintiff is advised that he is responsible for completing the subpoenas and for ensuring that the subpoenas are properly served in accordance with Rule 45(b) of the Federal Rules of Civil Procedure. Plaintiff may request additional subpoenas from the Clerk if necessary. The Court recommends that Plaintiff also familiarize himself with the discovery rules as set forth in Rules 26 through 37 of the Federal Rules of Civil Procedure, and this Court's corresponding Local Civil Rules ("LCR"), so that he will better understand how to properly obtain necessary discovery from Defendants.

### B.     First Motion to Appoint Counsel and Extend Time

Plaintiff next requests that the Court appoint counsel to assist him in this litigation and to grant him a 90-day extension of time "to obtain services." (Dkt. # 25.) With respect to Plaintiff's request for appointment of counsel, Plaintiff is advised that there is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court

may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff argues in support of his motion for appointment of counsel that he is unable to conduct discovery because of his incarceration and that he has exhausted all other avenues to obtain representation. However, incarceration is not an exceptional circumstance sufficient to warrant the appointment of counsel. Indeed, many *pro se* litigants are incarcerated and yet are able to conduct discovery and otherwise litigate their actions. Inability to retain counsel independently likewise does not constitute an exceptional circumstance sufficient to justify appointment of counsel. Plaintiff's claims are limited in time and scope, and he has demonstrated an ability to articulate the legal and factual bases of his claims without the assistance of counsel. As for Plaintiff's likelihood of success on the merits of his claims, the record is not yet sufficiently developed for this Court to make such a determination. Based on the information available to the Court at this juncture, this Court must conclude that Plaintiff has not demonstrated that his case involves exceptional circumstances which warrant the appointment of counsel.

To the extent Plaintiff seeks a 90-day extension of time, his request is somewhat vague as Plaintiff's request merely indicates a need to "obtain services." As this Court has determined that Plaintiff is not entitled to appointment of counsel, the requested extension is not warranted on this ground. Moreover, the Court notes that at the time Plaintiff filed the instant motion, there

ORDER RE: PLAINTIFF'S PENDING
MOTIONS - 3

were only two pending deadlines, one for the completion of discovery (October 29, 2021) and one for the filing of dispositive motions (November 29, 2021). Those deadlines are well in the future and Plaintiff has not demonstrated good cause to extend those deadlines at the present time.

          **C.**      **Second Motion to Appoint Counsel and Extend Time/Motion to be Present**

Plaintiff filed a second request for counsel and for an extension of time in conjunction with what appears to be his response to Detective Blakeman and King County's motion for summary judgment. (Dkt. # 30.) Plaintiff appears to assert therein that, in addition to the arguments made in his original request for appointment of counsel, he has not had adequate access to "law materials" including books that he has requested. (*Id*. at 1.) The Court is aware that the Maleng Regional Justice Center where Plaintiff is currently confined has a legal access scheme that should permit him to access necessary legal resources upon submission of an appropriate request. Plaintiff's additional arguments in support of his request for counsel are insufficient to establish that appointment of counsel is warranted.

Plaintiff also requests that he be granted a 90-day continuance to "properly address courts on issues" and to "comply with court regulations." (Dkt. # 30 at 2.) Even though it appears Plaintiff has presented evidence in support of his claims as a response to the King County Defendants' motion for summary judgment, his response contains no legal argument. To the extent Plaintiff's request for a continuance constitutes a request to submit additional argument in opposition to the pending summary judgment motion, the Court is willing to grant a brief extension. The Court deems a 45-day extension sufficient for Plaintiff to supplement his

ORDER RE: PLAINTIFF'S PENDING
MOTIONS - 4

response to Defendants' pending dispositive motion. The Court will provide a specific deadline below.

### D. Motion to be Present at All Hearings

Finally, Plaintiff has filed a motion which he entitled "Motion to be Present at All Hearings and Rubutal [sic] of Facts." (*See* Dkt. # 31.) Plaintiff filed this motion together with his apparent response to the King County Defendants' motion for summary judgment and, despite the title of the motion, it is in effect yet another motion seeking appointment of counsel and an extension of time. The Court has adequately addressed those issues above and need not do so again. To the extent Plaintiff requests in his motion that he be provided copies of evidence he has submitted to the Court for consideration, Plaintiff is advised that he may purchase copies of any evidence or briefing submitted to the Court by contacting the Clerk and identifying the specific documents he wishes to obtain.

### III. CONCLUSION

Based on the foregoing, Plaintiff's motion for an order directing issuance of subpoenas (dkt. # 24) is STRICKEN as unnecessary. Plaintiff's first motion to appoint counsel and extend time (dkt. # 25), and his motion to be present at all hearings (dkt. # 31), are DENIED. Plaintiff's second motion to appoint counsel and extend time (dkt. # 30) is GRANTED in part and DENIED in part. Specifically, Plaintiff is granted until **October 28, 2021** to file a supplemental response to the King County Defendants' summary judgment motion. Defendants' motion (dkt. # 27) is RE-NOTED for consideration on **November 1, 2021** and Plaintiff's second motion to appoint counsel is denied.

ORDER RE: PLAINTIFF'S PENDING
MOTIONS - 5

The Clerk is directed to ISSUE two subpoenas in blank and to send them to Plaintiff together with copy of this Order. The Clerk is further directed to send copies of this Order to counsel for Defendants and to the Honorable John C. Coughenour.

Dated this 13th day of September, 2021.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge