UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL ALLEN HAYES,<br><br>                    Plaintiff,<br><br>     v.<br><br>DETECTIVE BLAKEMAN, *et al.*,<br><br>                    Defendants. | Case No. C20-1612-JCC-MLP<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ADD DEFENDANTS AND RE-NOTING DEFENDANTS' SUMMARY JUDGMENT MOTIONS |

### I.      INTRODUCTION

This is a prisoner civil rights action brought under 42 U.S.C. § 1983. This action is proceeding against King County Sheriff's Detective Benjamin Blakeman, City of Marysville Police Officer Brandon Blake, and King County. Plaintiff's claims include allegations of excessive force, denial of adequate medical care, and destruction of property. (*See* dkt. # 12.) This matter comes before the Court at the present time for consideration of: (1) Plaintiff's motion to add defendants (dkt. # 43); (2) Defendants Blakeman and King County's ("King County Defendants") motion to re-note their pending summary judgment motion (dkt. # 47); and (3)

ORDER DENYING PLAINTIFF'S
MOTION TO ADD DEFENDANTS
AND RE-NOTING DEFENDANTS'
SUMMARY JUDGMENT MOTIONS - 1

Plaintiff's renewed requests for additional time and for appointment of counsel (dkt. ## 33, 45). The Court addresses the pending motions below.

## II. DISCUSSION

### A. Motion to Add Defendants

Plaintiff seeks to add unspecified City of Marysville Jail employees, and the City of Marysville, as Defendants to this action in relation to claims alleging that Plaintiff was subjected to unconstitutional conditions of confinement during his detention at the Jail in April 2020. (Dkt. # 43.) Plaintiff's motion is, in effect, a motion to amend his complaint under Rule 15 of the Federal Rules of Civil Procedure. Defendant Blake opposes Plaintiff's motion to amend, arguing that amendment would be futile. (Dkt. # 48.)

Before turning to Defendant Blake's arguments in opposition to Plaintiff's motion, the Court notes that Plaintiff's motion to amend is procedurally deficient because it does not comply with the local rules of this Court. Local Civil Rule ("LCR") 15 requires that a copy of the proposed amended pleading be attached as an exhibit to any motion seeking leave to amend a pleading. Plaintiff did not attach a copy of any proposed amended pleading to his motion, he merely set forth in the body of his motion a very brief description of his purported claims against the proposed new Defendants. This attempt to amend fails to comply with the basic procedural rules set forth in LCR 15.

Though this procedural deficiency is, by itself, fatal to Plaintiff's motion, the Court also notes that it appears Plaintiff's proposed amendment would, in any event, be futile. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the Court should freely give leave to amend

ORDER DENYING PLAINTIFF'S
MOTION TO ADD DEFENDANTS
AND RE-NOTING DEFENDANTS'
SUMMARY JUDGMENT MOTIONS - 2

"when justice so requires." Five factors are typically considered when assessing the propriety of a motion for leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). An amendment to a complaint is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex. Rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Defendant Blake argues that it would be futile to permit Plaintiff to amend his complaint to add the proposed new Defendants because Plaintiff failed to exhaust his administrative remedies with respect to any claims concerning the conditions of his confinement at the Marysville Jail. (*See* dkt. # 48.) Section 1997e(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Section 1997e(a) requires *complete* exhaustion through any available process. *See Porter v. Nussle* 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 739 (2001). Section 1997e(a) also requires *proper* exhaustion. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper" exhaustion means full compliance by a prisoner with all procedural requirements of an institution's grievance process. *See id*. at 93-95. If administrative remedies have not been exhausted at the time an action is

ORDER DENYING PLAINTIFF'S
MOTION TO ADD DEFENDANTS
AND RE-NOTING DEFENDANTS'
SUMMARY JUDGMENT MOTIONS - 3

brought, the action must be dismissed without prejudice. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam).

Defendant Blake, in support of his pending motion for summary judgment (dkt. # 36), has presented evidence the Marysville Jail has an inmate grievance procedure that permits inmates to submit complaints regarding their experiences at the Jail. (Dkt. # 39 at ¶ 14.) That procedure is initiated by requesting a grievance form, and according to Plaintiff's jail records, he did not request or submit any grievance form during his brief stay at the Jail in April 2020. (*Id*. at ¶¶ 14, 15.) Plaintiff, in his reply brief in support of his request to add Defendants, claims that he filed a tort claim related to the conditions of his confinement at the Jail. (Dkt. # 50.) He does not, however, rebut Defendant Blake's evidence that he did not, in fact, pursue any relief through the Jail's grievance procedure. As it appears Plaintiff did not properly exhaust his administrative remedies with respect to his conditions of confinement claims, it would be futile to permit Plaintiff to amend his complaint to add such claims.

Finally, the Court observes that even if Plaintiff had properly exhausted his claims pertaining to his conditions of confinement at the Marysville Jail, he has not set forth in his motion papers any viable claim for relief. In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show: (i) that he suffered a violation of rights protected by the Constitution or created by federal statute; and (ii) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform

ORDER DENYING PLAINTIFF'S
MOTION TO ADD DEFENDANTS
AND RE-NOTING DEFENDANTS'
SUMMARY JUDGMENT MOTIONS - 4

an act which he was legally required to do that caused the deprivation complained of. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

A local government unit or municipality can be sued as a "person" under § 1983. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691(1978). However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id*. A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury. *Bryan County Commissioners v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694).

Plaintiff identified the Marysville Jail Staff as a Defendant in his original complaint and the Court expressly advised Plaintiff in its Order declining to serve the complaint and granting him leave to amend that the "Staff" was not a proper Defendant. (Dkt. # 7 at 4.) The Court explained that Plaintiff could pursue claims against individual members of the staff but would have to specifically identify the staff members who caused him harm. (*Id*.) Plaintiff thereafter filed an amended complaint but made no effort to correct this deficiency. (*See* dkt. # 8.) The Court noted this deficiency again in its Order declining to serve Plaintiff's amended complaint and granting him leave to file a second amended complaint. (*See* dkt. # 9 at 4-6.) Plaintiff, in his second amended complaint, referred to the conditions of his confinement at the Jail but failed to connect the claim to any specific member(s) of the Jail staff. (Dkt. # 12 at 5.)

ORDER DENYING PLAINTIFF'S
MOTION TO ADD DEFENDANTS
AND RE-NOTING DEFENDANTS'
SUMMARY JUDGMENT MOTIONS - 5

Plaintiff's attempt to add "Marysville City Jail employees" as a Defendant to this action by way of his current motion is unavailing for the same reasons identified in the Court's prior orders. Absent identification of the specific employees who caused him harm, and presentation of facts demonstrating that individual employees personally participated in causing him harm of federal constitutional dimension, Plaintiff has failed to adequately state a claim for relief against Marysville Jail employees relating to the conditions of his confinement there. Plaintiff also seeks to proceed against the City of Marysville, but he fails to identify any "policy" or "custom" of the City that caused him harm of federal constitutional dimension. Thus, Plaintiff has not adequately alleged in his proposed amendment any viable claim for relief against the City of Marysville. Given that Plaintiff has failed to adequately allege any viable claim for relief against the Defendants he seeks to add to this action, it would be futile to permit him to amend his complaint, even if his conditions of confinement claims had been properly exhausted.

### B. Motion to Re-note Summary Judgment Motion

The King County Defendants move to re-note their pending motion for summary judgment. (Dkt. # 47.) Defendants originally noted their summary judgment motion for consideration on September 3, 2021. (Dkt. # 27.) The Court thereafter re-noted Defendants' motion to November 1, 2021, to allow Plaintiff time to supplement his response to that motion. (Dkt. # 34 at 5-6.) Defendants now seek to re-note their motion to November 8, 2021, to accommodate counsel's vacation schedule. (Dkt. # 47.) Plaintiff does not oppose Defendants' motion and the Court deems it appropriate to grant the requested relief.

ORDER DENYING PLAINTIFF'S
MOTION TO ADD DEFENDANTS
AND RE-NOTING DEFENDANTS'
SUMMARY JUDGMENT MOTIONS - 6

### C. Plaintiff's Motions for Additional Time and Appointment of Counsel

Plaintiff requests throughout his various submissions that he be granted additional time to litigate this matter and that counsel be appointed to assist him. Two of those requests have been specifically noted on the Court's motion calendar for consideration. (Dkt. ## 33, 45.) In an Order dated September 13, 2021, the Court denied multiple requests by Plaintiff to appoint counsel as well as multiple vague and/or unsupported requests for extensions of time. (*See* dkt. # 34.) The Court did, however, grant Plaintiff an extension of time to supplement his response to the King County Defendants' motion for summary judgment. (*See id*. at 5-6.)

The Court construes Plaintiff's recent submissions as motions seeking reconsideration of its prior Order denying similar requests. Motions for reconsideration are disfavored and will be granted only in limited circumstances. The Court will ordinarily deny motions for reconsideration "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). Plaintiff has identified no error in the Court's prior rulings, nor has he identified any new facts that could not have been brought to the Court's attention earlier or, in any event, that would alter the Court's prior rulings had they been raised earlier. Thus, to the extent Plaintiff seeks reconsideration of the Court's prior rulings, his motions fail.

The Court observes that in a relatively recent submission that was posted on the docket as a reply brief in support of Plaintiff's motion to add Defendants, Plaintiff requests additional time to respond to Defendant Blake's pending motion for summary judgment. (Dkt. # 51 at 1-2.) Though not entirely clear, Plaintiff appears to claim that he received discovery materials related

ORDER DENYING PLAINTIFF'S
MOTION TO ADD DEFENDANTS
AND RE-NOTING DEFENDANTS'
SUMMARY JUDGMENT MOTIONS - 7

to his claims against Defendant Blake too late to file a timely response to Defendant's motion, and that he requires additional time to research the issues of qualified immunity and causation. (*See id*.) Plaintiff has already filed one response to Defendant Blake's summary judgment motion (dkt. # 44), but Plaintiff's submission contains no argument addressing his claims against Defendant Blake.

Given Plaintiff's *pro se* status, the Court will grant Plaintiff some additional time to supplement his response to Defendant Blake's summary judgment motion, just as it did for the King County Defendant's summary judgment motion. Plaintiff is advised, however, that any additional briefing in relation to Defendant Blake's summary judgment motion must pertain only to the excessive force claims asserted against Defendant Blake. Plaintiff's complaints pertaining to the conditions of his confinement at the Marysville Jail are *not* a part of this action because, as explained above, Plaintiff has not adequately alleged any cause of action under § 1983 relating to those conditions. The Court deems a forty-five-day extension sufficient for Plaintiff to supplement his response to Defendant Blake's pending dispositive motion. The Court will provide a specific deadline below.

### III.   CONCLUSION

Based on the foregoing, Plaintiff's motion to add Defendants (dkt. #43) is DENIED, as are Plaintiff's motions for reconsideration of this Court's prior Orders denying his requests to extend time and to appoint counsel (dkt. ## 33, 45). The King County Defendants' motion to re-note their pending motion for summary judgment (dkt. # 47) is GRANTED, and Defendants' motion (dkt. # 27) is RE-NOTED on the Court's calendar for consideration on **November 8,**

**2021**. Finally, Plaintiff is granted leave to file a supplemental response to Defendant Blake's motion for summary judgment not later than ***December 6, 2021***. Defendant Blake's motion (dkt. # 36) is RE-NOTED for consideration on ***December 10, 2021***. The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendants, and to the Honorable John C. Coughenour.

Dated this 21st day of October, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge