UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL ALLEN HAYES,

                          Plaintiff,

        v.

DETECTIVE BLAKEMAN, *et al*.,

                          Defendants.

Case No. C20-1612-JCC-MLP

ORDER DENYING PLAINTIFF'S
REQUEST FOR RECUSAL

This is a civil rights action proceeding under 42 U.S.C. § 1983. This matter comes before the Court at the present time on Plaintiff's motion for change of venue, appointment of counsel, and extension of time. (Dkt. # 55.) A review of Plaintiff's motion reveals that his request for a change of venue is, in effect, a request that the undersigned recuse herself from this case. (*See id*.) Pursuant to Local Civil Rule ("LCR") 3(f), whenever a motion to recuse is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "the challenged judge will review the motion papers and decide whether to recuse voluntarily."

Section 144 provides that:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse

ORDER DENYING PLAINTIFF'S
REQUEST FOR RECUSAL - 1

party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

28 U.S.C. § 144.

Section 455 states in relevant part that, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

This civil rights action is proceeding against King County Sheriff's Detective Benjamin Blakeman, City of Marysville Police Officer Brandon Blake, and King County. Plaintiff's claims include allegations of excessive force, denial of adequate medical care, and destruction of property. (*See* dkt. # 12.) During the pendency of this case, the undersigned has denied multiple requests by Plaintiff for appointment of counsel. (*See* dkt. ## 34, 52.) The undersigned also recently denied Plaintiff's request to amend his complaint to add defendants and claims relating to alleged unconstitutional conditions of confinement at the Marysville City Jail where Plaintiff was briefly confined in April 2020. (Dkt. # 52 at 2-6.) The Court concluded that it would be futile to permit Plaintiff to amend his complaint because he had not properly exhausted his conditions of confinement claims and because, in any event, he failed to identify any viable claim for relief. (*See id.*)

Plaintiff takes issue with this Court's prior rulings and expresses his belief that the undersigned is biased against him. (*See* dkt. # 55.) However, Plaintiff's disagreement with the manner in which the Court has resolved his previous requests for relief is insufficient to support recusal. *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("[A] judge's prior adverse ruling is not sufficient cause for recusal."); *accord Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality

ORDER DENYING PLAINTIFF'S
REQUEST FOR RECUSAL - 2

motion."). As Plaintiff has not identified a valid basis for recusal, and as this Court perceives no justification for recusing voluntarily, Plaintiff's request will be referred to the Chief Judge for consideration in accordance with LCR 3(f).

As noted above, in addition to his request for recusal, Plaintiff's current motion includes requests for appointment of counsel and for an extension of time. The King County Defendants' motion for summary judgment (dkt. # 27) is also currently ripe for consideration. Further action by the undersigned on Plaintiff's additional requests for relief and on the pending summary judgment motion is deferred pending a ruling by the Chief Judge as to whether Plaintiff has presented a sufficient basis for recusal.

Based on the foregoing, the Court hereby ORDERS as follows:

(1)     The Clerk shall refer Plaintiff's request for recusal of the undersigned (dkt. # 55) to the Chief Judge for consideration in accordance with LCR 3(f).

(2)     Plaintiff's requests for appointment of counsel and for an extension of time, as set forth in his motion for change of venue/recusal (dkt. # 55) are STRICKEN. The King County Defendants' motion for summary judgment (dkt. # 27) is also STRICKEN from the Court's calendar, subject to re-noting once the issue of recusal has been resolved.

(3)     The Clerk shall send copies of this Order to Plaintiff, to counsel for Defendants, to the Honorable Ricardo S. Martinez, and to the Honorable John C. Coughenour.

DATED this 22nd day of November, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S
REQUEST FOR RECUSAL - 3