UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL ALLEN HAYES, | CASE NO. C20-1612-TL-MLP |
| Plaintiff, | ORDER ON REVIEW OF MOTION FOR RECUSAL |
| v. | |
| UNITED STATES PROBATION AND PRETRIAL SERVICES, | |
| Respondent. | |

This matter is before the Court on Plaintiff Michael Allen Hayes's Motion for Change of Venue, which has been interpreted by the Court as seeking recusal of the Honorable Michelle Peterson, Magistrate Judge. Dkt #55. Judge Peterson has reviewed this Motion, declined to recuse, and in accordance with this Court's Local Civil Rules, referred this matter to the undersigned for review. Dkt. #60; LCR 3(f).

Plaintiff Hayes filed this 42 U.S.C. § 1983 action against King County Sheriff's Detective Benjamin Blakeman, City of Marysville Police Officer Brandon Blake, and King County. Mr. Hayes claims excessive force, denial of adequate medical care, and destruction of property. *See* Dkt. # 12. Mr. Hayes now argues that the Court's rulings in this case are "unjust and unfair at the least" and that they show "the Court is Bias [sic] against me for both my mental health conditions & my rights that are continuing to be violated." Dkt. #55 at 1. He refers to "any and all decisions of Judge Magistrate." *Id.* at 2. He presents his arguments and

evidence as to the merits of the underlying Motions that received unfavorable rulings but offers no evidence of bias stemming from an extrajudicial source.

A judge of the United States shall disqualify herself in any proceeding in which her impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Pursuant to 28 U.S.C. § 144, "whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source.").

The Court has reviewed the above Motion and finds that Plaintiff has failed to demonstrate bias. Plaintiff focuses solely on adverse rulings from Judge Peterson, which cannot serve as a basis for recusal. *See Studley, supra*. Plaintiff presents no evidence of bias from an extrajudicial source.

Plaintiff has failed to present a reasonable basis to question Judge Peterson's impartiality. Accordingly, the Court finds and ORDERS that Judge Peterson's Order declining to recuse herself, Dkt. #60, is AFFIRMED.

//

//

DATED this 10th day of January, 2022.

_____
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE